UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SINOTRANS (BERMUDA) LTD. | * CIVIL ACTION |
| | * |
| VERSUS | * NO. |
| | * |
| BEIBU GULF SHIPPING LTD. | * JUDGE "" |
| | * |
| | * MAGISTRATE ( ) |
| | * |

**ORIGINAL VERIFIED COMPLAINT**

Plaintiff, Sinotrans (Bermuda) Ltd. ("Sinotrans") by and through its attorneys, Chaffe McCall, L.L.P., respectfully submits its Original Verified Complaint against Defendant Beibu Shipping Gulf Ltd. ("Beibu Gulf"), and would respectfully show as follows:

1.

Jurisdiction is proper pursuant to 28 U.S.C. § 1333, Rule 9(h) and Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2.

Venue is proper in this Court because property belonging to defendant, Beibu Gulf, is on board the vessel M/V EVER JUDGER, a vessel presently located within this District.

2555076-1

3.

Plaintiff Sinotrans is a foreign entity organized and existing pursuant to the laws of a foreign country.

4.

Defendant Beibu Gulf is a corporation organized and existing under the laws of a foreign country.

**Relationship and Dispute between the Parties**

5.

Plaintiff Sinotrans chartered the M/V GREAT PROSPERITY (hereinafter referred to as "Vessel") from head owners Great Prosperity Shipping Inc. ("Great Prosperity") pursuant to a New York Produce Exchange Government Form charter agreement dated January 21, 2015. (*See* copy of charter party and clean fixture recaps dated January 21, 2015 attached hereto as Exhibit A.)

6.

On May 13, 2015, Defendant Beibu Gulf chartered the Vessel from Sinotrans pursuant to a North American Grain voyage charter agreement, containing a London arbitration clause, in order to transport a cargo of 45,621.560 metric tons of Uruguayan soybeans in bulk, carried under Bill of Lading No. 1 dated June 22, 2015 from Montevideo, Uruguay for discharge in China. (*See* copy of Bill of Lading No. 1 attached hereto as Exhibit B).  The Vessel also carried 18,509 metric tons of Argentine soybeans in bulk under Bill of Lading No. 2 dated June 26, 2015 from Buenos Aires, Argentina for discharge in various Chinese ports. (*See* copy of Bill of Lading

No. 2 attached hereto Exhibit C; *see also* copy of May 13, 2015 voyage charter attached hereto as Exhibit D).

7.

Upon arrival at the Port of Qingdao, China, receiver Xiamen C&D Commodity Trading Co Ltd. ("Xiamen") alleged extensive damage to the cargo of Uruguayan soybeans stowed in cargo holds no. 1, 3, 4, 5, and 7 and asserted claims against the Vessel and head owner Great Prosperity in the amount of US $9,300,000.  (*See* email from receivers dated September 18, 2015, detailing claims against Great Prosperity attached hereto as Exhibit E.)

8.

Great Prosperity and Xiamen participated in a joint survey of the cargo at the Port of Qingdao.  The survey indicated that the cargo had self-heated on the voyage from Uruguay to China as a result of pre-existing areas of moisture in some cargo parcels.  Moisture in soybean cargos presents a serious risk of damage to all the cargo loaded in the same holds.  Beibu Gulf failed to give any notice prior to loading of the condition of the cargo to Great Prosperity and/or the Vessel's Master.  Under English law, such failure to provide notice of the condition of the cargo is a breach of the charter agreement.

9.

In order to avoid the detention of the Vessel at the Port of Qingdao and to mitigate its damages, Great Prosperity negotiated security for Xiamen's claims in the reduced amount of US$7,000,000 in the form of a Swedish Club letter of undertaking.  (*See* copy of Swedish Club letter of undertaking dated September 21, 2015 attached hereto as Exhibit F.)

10.

Great Prosperity has made an indemnity demand on Sinotrans for the cargo damage claims asserted by Xiamen in the amount of US$7,000,000.  Likewise, as permitted under English law, Sinotrans seeks security from Beibu Gulf as voyage charterer for its own indemnity claim in the amount of $7,000,000 together with any other loss, expense or damage that Sinotrans may incur as a result of Beibu Gulf's breach.

**Rule B Allegations**

11.

By this reference, Sinotrans incorporates all previous allegations as Rule B allegations as if set forth herein *in extenso*.

12.

On the basis of the foregoing allegations, Beibu Gulf is indebted to Sinotrans in the principal amount of US$7,000,000, plus interests, costs, and attorney's fees, all of which are recoverable under English law.

13.

Upon information and belief, Beibu Gulf cannot be found within the district or within the jurisdiction of this Court within the meaning of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims.  However, Beibu Gulf owns and/or possesses an attachable interest in property presently within the jurisdiction of the Court, namely bunkers and marine fuel oil onboard the M/V EVER JUDGER, a vessel presently on time charter to Beibu Gulf, as well as funds held by third parties on behalf of Beibu Gulf. (*See* vessel fixture showing Beibu Gulf as charterer of the M/V EVER JUDGER attached hereto as Exhibit G).  This property may

be attached pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure and sold to satisfy Sinotrans' claim herein.

WHEREFORE, Plaintiff Sinotrans (Bermuda) Ltd. prays:

1. That this Verified Complaint be deemed good and sufficient;

2. That process in due forum of law according to the practice of this Court in cases of admiralty jurisdiction issue against Beibu Gulf citing it to appear and answer under oath all and singular the matters alleged in this Original Verified Complaint, failing which default judgment be entered against Beibu Gulf in the amount of $7,000,000, plus interest, costs and attorney's fees;

3. That because Beibu Gulf cannot be found within this District and has no agent(s) for service of process in this District, the Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims attaching the bunkers and marine fuel oil onboard the M/V EVER JUDGER and all other goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other belonging to, due or being transferred to, from, or for the benefit of Beibu Gulf, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

4. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

5. That the Plaintiff have such other, further relief as the Court deems just, proper and equitable.

Respectfully submitted,

*/s/ Daniel A. Tadros*
Daniel A. Tadros, #21906
Adelaida J. Ferchmin #29859
CHAFFE McCALL L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile:  (504) 585-7075
**Attorneys for Sinotrans (Bermuda) Ltd.**

**PLEASE SERVE:**
Defendants Beibu Gulf Shipping Ltd.
through attachment of its property onboard the M/V EVER JUDGER
and in the custody and control of the Master of said vessel.